UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE L. PEREIRA, III,

    Plaintiff,

v.                                          Case No. 5:13cv201/WS/CJK

S. GILLIS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 6). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate at the Graceville Correctional Facility ("Graceville"). Plaintiff's complaint names one defendant–Teacher S. West.[1] The following facts are

---

[1] In the original complaint (doc. 1), plaintiff named six defendants–Assistant Warden S. Gillis, Education Supervisor K. Johnson, Chaplain's Assistant J. Parker, Teacher S. West, Library Supervisor Tew, and Inmate Law Clerk John Crossley. After being advised in the court's amend order (doc. 5) of the difficulties in holding several of those defendants liable, plaintiff included only defendant West in his amended complaint.

gleaned from the amended complaint. Plaintiff claims that on February 1, 2012, he sought legal assistance from Graceville's law library to help him prepare a habeas corpus petition brought under 28 U.S.C. § 2254. (Doc. 6, p. 5). Law Library Official West assigned Inmate Law Clerk John Crossley to assist the plaintiff in the preparation of his petition. Crossley incorrectly determined that plaintiff had seven months remaining until the one year statute of limitations for his habeas corpus petition expired. Plaintiff was subsequently informed by another inmate law clerk that the one year petition on his habeas petition had run. Plaintiff claims his First Amendment rights were violated when defendant West appointed inmate Crossley to assist him with the preparation of his habeas petition. Plaintiff further alleges that Graceville is not equipped with "proper books, computers, law clerks or lawyer assistance . . . because no one at the facility is trained to help inmates" who have low IQ's or who meet certain criteria under Florida law. (Doc. 6, p. 6).

As a result of the foregoing actions, plaintiff claims violations of his First and Fourteenth Amendment rights. (Doc. 6, p. 7). As relief, plaintiff requests "[i]njunctive relief by preventing the State of Florida from alleging that plaintiff is time barred from pursuing 2254 claim, or alternatively, trial by jury for punitive damages in the amount of $250,000." (Doc. 6, p. 7).

DISCUSSION

Because plaintiff is a prisoner, the court is required to dismiss his complaint if the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim

are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1968-69 (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). The complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

The facts as presented in plaintiff's complaint fail to support a viable claim for relief under § 1983 as to the named defendants. In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  To the extent plaintiff is attempting to assert a Sixth Amendment claim, plaintiff does not have a Sixth Amendment right to counsel in state post-conviction proceedings.  *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) ("[T]here is no constitutional right to an attorney in state post-conviction proceedings.").  As such, plaintiff cannot advance a constitutional claim of inadequate assistance of counsel under the Sixth Amendment.

First Amendment

     Upon review of plaintiff's complaint, the court cannot discern a cognizable First Amendment violation.  To the extent plaintiff argues that he was denied access to the courts, "'the fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law.'"  *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Further, "[w]hile *Bounds* guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent right of access to a law library or to legal assistance." *Id*.  This court has previously emphasized that a prerequisite to obtaining relief for denial of access to the courts is a showing that "[t]he conduct complained of . . . impeded the inmate's capability to file the nonfrivolous action challenging his sentence or the conditions of his confinement."  *Gibson v. Tucker*, No. 4:12cv449/RH/CAS, 2012 WL 6949242, at *2 (N.D. Fla. Dec. 13, 2012) (citing *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 2181-83 (1996)).  Plaintiff does not

claim that he was prohibited from accessing the law library, filing his documents with the court, or obtaining outside counsel to assist him with his section 2254 motion. Instead, plaintiff takes issue with the adequacy of Crossley's legal assistance and defendant West's decision to assign Crossley to assist plaintiff with his petition. Plaintiff has named only West as a defendant in this suit. Plaintiff has not pled that defendant West was aware inmate Crossley was incompetent, that defendant West had the intent to harm plaintiff and prevent him from timely filing his petition, or that defendant West was responsible for the law library facilities and quality of legal advice that inmates received. As such, plaintiff has not pled a claim for denial of access to the courts against defendant West.

Fourteenth Amendment

To the extent plaintiff is complaining of violations of his due process rights, in *Sandin v. Conner*, 515 U.S. 472, 478, 484, 115 S. Ct. 2293, 132 L .Ed. 2d 418 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Without either the loss of gain-time credits or "atypical" confinement, the Due Process Clause itself affords no protected liberty interest that invokes procedural protections. *Sandin v. Conner*, 515 U.S. at 487; *see also Nelson v. Green*, No. 04-14933, 2005 WL 3116747 (11th Cir. Nov. 23, 2005) (noting an inmate's due process rights are violated when: "(1) a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or (2) when the government has consistently bestowed a certain benefit to prisoners, usually

through statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (quoting *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999))). Plaintiff has pled neither a change in the condition of his confinement nor an atypical hardship imposed upon him. Accordingly, plaintiff's Fourteenth Amendment claim should be dismissed.

Punitive and Injunctive Damages

Finally, as previously instructed in this court's amend order (doc. 5), even if plaintiff were able to state a claim under § 1983, he cannot recover the damages he seeks. The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody. Plaintiff's damages claims are based on the fact of the alleged unconstitutional conduct itself (divorced from any mental or emotional injury plaintiff suffered). Plaintiff alleges no physical injury and takes issue only with the adequacy of the legal assistance provided by Graceville. Plaintiff is therefore prohibited under the PLRA from bringing his compensatory (or a punitive) damages claim. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming

district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that section 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Additionally, plaintiff cannot recover the injunctive relief he seeks. Plaintiff asks this court to prevent the State of Florida from following 28 U.S.C. § 2254's statute of limitations. Section 2254 is a federal statute allowing for federal court review of an inmate's state court judgment through a writ of habeas corpus. 28 U.S.C. § 2254(a). The State of Florida cannot be prospectively compelled to ignore such a statute. To the extent that plaintiff asks this court to overlook § 2254's statute of limitations, such may not be accomplished in a civil rights action. A habeas petitioner may argue that the statute of limitations should be tolled in the § 2254 petition. *See Holland v. Florida*, 560 U.S. 631, 643 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

Accordingly, it is respectfully RECOMMENDED

1. That plaintiff's claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 23rd day of May, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).